Filed
11 August 15 P3:
Aurora De La Gar
District Clerk
Cameron District
M. Amui

NO. 2011-DCL-5528-A

| | | |
|---|---|---|
| GILBERTO GARZA | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | 107th JUDICIAL DISTRICT |
| | § | |
| CAMERON COUNTY AND | § | |
| SHERIFF OMAR LUCIO IN HIS | § | |
| INDIVIDUAL AND OFFICIAL | § | |
| CAPACITY | § | |
| Defendants. | § | OF CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Gilberto Garza, hereinafter called Plaintiff, complaining of and about Cameron County and Sheriff Omar Lucio in his Individual and Official Capacity, hereinafter called Defendants, and for cause of action would show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.     Plaintiffs intend that discovery be conducted under Discovery Level 3.

### PARTIES AND SERVICE

2.     Plaintiff, Gilberto Garza, is an Individual whose address is 1005 Harris Ave, Pasadena, Texas 77506.

3.     Defendant, Cameron County, is a county in Texas, may be served with process by serving the county judge, Honorable Carlos Cascos, at 1100 E. Monroe, Brownsville, Texas 78520, under the authority of Texas Civil Practice & Remedies Code section 17.024(a).   Service of said Defendant as described above can be effected by personal delivery.

4.     Defendant, Sheriff Omar Lucio in his Individual and Official Capacity, is the Cameron County Sheriff, and may be served with process by serving Omar Lucio in his Capacity, at 7300 Old Alice Road, Olmito, Texas 78575 under the authority of Texas Civil Practice & Remedies

Code section 101.102(c), because no other method of service is provided by law.  Service of said

Defendant as described above can be effected by personal delivery.

## JURISDICTION

5.      The court has jurisdiction over the lawsuit because the amount in controversy exceeds

this court's minimum jurisdictional requirements.

## VENUE

6.      Venue is mandatory in Cameron County under Texas Civil Practice & Remedies Code

section 101.102(a) because this is a suit brought under the Texas Tort Claims Act and this is the

county where all of the cause of action arose.

## FACTS

7.      On or about August 22, 2009, Plaintiff Gilberto Garza was incarcerated at Carrizales

Rucker Detention Center. Plaintiff suffered a heart attack while incarcerated and was denied

proper medical attention. As a result, Plaintiff suffered paralysis and permanent severe damage

to his body.

## LIABILITY OF DEFENDANTS CAMERON COUNTY AND SHERIFF OMAR LUCIO, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY

8.      At all times mentioned herein, Defendant Sheriff Omar Lucio in his individual and

official capacity had such control over the premises and employees in question that Defendant

owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth

herein.

## EIGHTH AMENDMENT VIOLATION – DENIAL OF MEDICAL ATTENTION

9.      The Supreme Court established that the deliberate indifference to the serious medical

need of a convicted prisoner violates the Eighth Amendment's prohibition against cruel and

unusual punishment and gives rise to the cause of action under § 1983. The Supreme Court

affirmed that deliberate indifferences is sufficient to establish a claim for the denial of medical care.

10.     At all times pertinent herein, Defendant Sheriff Omar Lucio in his individual and official capacity, and any of Defendant's agents, who were acting in the scope of their employment, were guilty of negligent conduct toward the Plaintiffs in failing to give proper medical attention.

## LIABILITY OF SUPERVISORY OFFICERS— SHERIFF OMAR LUCIO, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY

11.     Liability is also based on the actions of Sheriff Omar Lucio in his Individual and Official capacity for violation of the duty which caused and permitted the violation of the Mr. Garza's constitutional rights. A Sheriff has a duty for the medical care of the pretrial detainees and failure to provide that duty is sufficient basis for liability.   See for example, *Johnson v. Duffy*, 588 F.2d 740 (9th Cir. 1978).

## DAMAGES FOR PLAINTIFF, GILBERTO GARZA

12.     As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, Plaintiff, Gilberto Garza was caused to suffer extreme pain at the time of the event, especially because the staff at the jail refused to provide any aid and medical attention to Plaintiff.

13.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Gilberto Garza has incurred the following damages:

> A.     Physical pain and suffering in the past;
>
> B.     Mental anguish in the past;
>
> C.     Physical pain and suffering in the future;
>
> D.     Mental anguish in the future;

E.  Physical impairment in the past;

F.  Physical impairment which, in all reasonable probability, will be suffered in the future;

G.  Disfigurement in the past; and

H.  Disfigurement in the future;

14.  By reason of the above, Plaintiff, Gilberto Garza has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Gilberto Garza, respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

STAPLETON & STAPLETON

_____

ED STAPLETON

Texas State Bar No. 19058400
**SARA STAPLETON**
Texas State Bar No. 24073403
2401 Wildflower Drive Ste. C
Brownsville, Texas 78526
Telephone (956) 504-0882
Facsimile (956) 504-0814


**SHELDON WEISFELD**
Texas State Bar Number: 21107700
855 E. Harrison
Brownsville, Texas 78520
Telephone: (956) 546-2727
Fax: (956) 544-7446